## NORA MARSHALL, MARIE JOSEPHINE MARSHALL AND LEO MARSHALL, PLAINTIFFS, v. HYATT ROLLER BEARING COMPANY, A CORPORATION, AND LAURIE COPPEN, DEFENDANTS.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER, and CASE.

For the plaintiffs, *Charles A. Rooney.*

For the defendants, *Reynier J. Wortendyke, Jr.*

PER CURIAM.

This case comes up on plaintiffs' rule to show cause why a new trial should not be granted as to amount of damages only.

Plaintiff Leo Marshall owned and operated an automobile occupied also by the two other plaintiffs, his mother and wife, respectively, which, as it was crossing the intersection of Warren and Seventh streets in the town of Harrison, from east to west, was struck in the rear by the truck owned by the corporate defendant and driven by the remaining defendant, and going north. Verdicts were given in the amount of $700 to Marie, $500 to Nora and $300 to Leo.

The main issue in the cause was whether the more or less serious physical condition which the women claimed to have experienced after the accident was due to the accident. The contest was over the severity of the injuries, whether certain present physical manifestations on the part of the women are the result of the accident or due to other causes.

The testimony adduced by the plaintiffs would support the contention that the accident was responsible, but reputable medical testimony produced on behalf of the defendant is to the opposite. Dr. Rector testified in effect that the only result of the accident so far as Mrs. Marie Josephine Marshall was concerned was a little discomfort in her hand and that the remaining troubles from which the plaintiff suffered, namely, a spreading of certain pelvic bones, was the result of childbirth, not from a blow to the external part of the body, and that the myocarditic condition from which Nora Marshall suffers is not due to the accident either as an initial or aggravating cause. Those contentions were fought out before the jury and the jury apparently believed the defendants' side of the case.

Failing marked superiority in the evidence on the part of the plaintiff, which we do not find, we think we should not set the verdict aside. The husband's verdict might perhaps have been larger but, taking into consideration that the much greater part of the medical expense was due apparently on the jurors' finding, to causes other than the accident, and that the loss of consortium is also to such other causes, the award to the husband was not so grossly inadequate as to require a new trial.

The rule will be discharged.